THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00015-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN JAMES HALL, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's filings [Docs. 51, 52], which the Court construes as requests for production of certain documents pursuant to the Freedom of Information Act.

The Defendant requests disclosure of the following: (1) a "copy of a screen print out concerning a Rutherford County check charge," (2) "the 2255 argument and Court's decision," and (3) "the presentence report." [Doc. 51]. In his second filing, the Defendant again requests a copy of the Government's evidence pertaining to a worthless check charge against the Defendant in Rutherford County. [Doc. 52].

The Defendant's requests are denied. Federal courts are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements. 5 U.S.C. § 551(1)(B); Gayle v. Johnson, 275

F. App'x 211, 212 n.1 (4th Cir. 2008) (per curiam); Sheppard v. Revell, No. 5:09-CT-3044-FL, 2010 WL 3672261, at *4 (E.D.N.C. Sept. 20, 2010).

In any event, however, the Defendant's request for the evidence of a Rutherford County worthless check charge must be denied, as the docket for this Federal Court case does not contain any reference to such a charge. In fact, no such charge is even referenced in the criminal history section of the Defendant's Presentence Report. [See Doc. 16].

The Defendant's request for a copy of his Presentence Report must also be denied. The Defendant has no current matters pending before the Court. The Defendant was sentenced in November 2008, and there are currently no pending post-conviction proceedings. With no current matters pending, the Defendant has failed to demonstrate a particularized need for his presentence report. See United States v. Velasquez, No. 5:10-CR-00042, 2012 WL 3307264, at *1 (W.D.N.C. Aug. 13, 2012) (Voorhees, J.) (holding that a copy of presentence report may be obtained from the district court only upon a showing of particularized need) (citing United States v. Williams, No. 88-7340, 1989 WL 152422, at *2 (4th Cir. Dec. 11, 1989)).

Finally, the Defendant requests a copy of the "the 2255 arguments and Court's decision." [Doc. 51 at 1]. The Defendant, however, has filed multiple

§ 2255 motions, which have been denied by both this Court and the Court of Appeals. The Court, therefore, is unclear as to which documents the Defendant is actually requesting. Further, the Defendant would have been served with any pleadings by the Government opposing his § 2255 motions as well as any judicial decisions disposing of such motions. Having failed to articulate the particular documents requested or his particularized documents for the same, the Defendant's request for such documents must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's filings [Docs. 51, 52], which the Court construes as requests for production of certain documents pursuant to the Freedom of Information Act, are hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: December 21, 2016

Martin Reidinger
United States District Judge