# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00015-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| STEVEN JAMES HALL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Correct Clear Error Pursuant to Federal Rules of Criminal Procedure 52(e) [sic]" [Doc. 54].

The Defendant pled guilty on April 28, 2008 to multiple counts of transmitting, receiving, and possessing child pornography. [Doc. 12]. The Defendant was sentenced on November 19, 2008 to a total term of 210 months' imprisonment. [Doc. 18]. The Fourth Circuit affirmed his conviction and sentence on appeal. [Doc. 33]. Thereafter, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Court denied and dismissed on the merits. [Doc. 37]. In 2016, the Defendant filed a second

motion to vacate, which the Court dismissed as an unauthorized successive petition. [Doc. 50].

The Defendant now returns to this Court, moving pursuant to Rule 52 of the Federal Rules of Criminal Procedure to correct a "clear error" in his Presentence Report. Specifically, the Defendant argues that the Court improperly calculated his criminal history category by assessing a criminal history point for his prior worthless check conviction. [Doc. 54].

Rule 52 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] plain error that affects substantial rights may be considered even thought it was not brought to the court's attention." Fed. R. Crim. P. 52(b).[1] The Supreme Court has held that Rule 52(b) was "intended for use on direct appeal," and that the "plain error" standard "is out of place when a prisoner launches a collateral attack against a criminal conviction…." United States v. Frady, 456 U.S. 152, 164 (1982). Here, the Defendant seeks to collaterally attack the validity of his sentence. To the extent that the Defendant wishes to raise such claims, he cannot do so in a motion under Rule 52(b). Rather, he must first seek authorization from the United States

---

[1] The Defendant moves pursuant to Rule 52(e); however, no such provision exists. The Court assumes that the Defendant is actually seeking relief under Rule 52(b), which addresses plain error.

Court of Appeals for the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(h). The Defendant has provided no evidence that he has secured such authorization here. Accordingly, this Court is without jurisdiction to consider the merits of the Defendant's motion, and it therefore will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Correct Clear Error Pursuant to Federal Rules of Criminal Procedure 52(e) [sic]" [Doc. 54] is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge