THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00015-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| STEVEN JAMES HALL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 70]; the Defendant's Motion to Seal Records for Compassionate Release Motion [Doc. 72]; and the Government's Motion to Dismiss Defendant's Motion for Compassionate Release [Doc. 73].

**I.  BACKGROUND**

In November 2008, the Defendant Steven James Hall was convicted of five child pornography offenses and sentenced to a total term of 210 months' imprisonment. [Doc. 18]. The Defendant is currently incarcerated at FCI Ashland, and his projected release date is October 3, 2022.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Dec. 10, 2020).

On October 28, 2020, the Defendant filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the ongoing COVID-19 pandemic. [Doc. 70]. The Court directed the Government to respond to the Defendant's Motion. On November 20, 2020, the Government filed a Motion to Dismiss, arguing that the Defendant had failed to demonstrate that he had exhausted all administrative rights available to him under § 3582(c)(1)(A). [Doc. 73]. The Defendant filed a response to the Government's Motion on November 30, 2020. [Doc. 74].

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Court of

Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

In response to the Government's Motion to Dismiss, the Defendant submits an Affidavit in which he states under penalty of perjury that during the month of April 2020, he emailed a request for a sentence reduction under § 3582(c)(1)(A) to the warden of his BOP facility. [Doc. 74-1]. The Defendant further states he subsequently received an email response denying his request. [Id.]. The Defendant indicates that the computer system at FCI Ashland does not save emails between inmates and staff, and that his subsequent requests to the warden for a copy of his email correspondence have been unsuccessful. [Id.]. Based on the Defendant's sworn representations, the Court concludes that the Defendant has met his burden of showing that he

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

complied with the requirements of § 3582(c)(1)(A). Accordingly, the Court will direct the Government to respond to the Defendant's Motion for Compassionate Release.

The Defendant moves the Court for leave to file under permanent seal the BOP medical records [Doc. 71] filed in support of his Motion for Compassionate Release. For grounds, counsel states that the medical records contain sensitive and private information concerning the Defendant's medical conditions. [Doc. 72].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on October 28, 2020, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of

4

access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Defendant's Motion for Compassionate Release [Doc. 73] is **DENIED**. The Government shall file a response to the Defendant's Motion for Compassionate Release [Doc. 70] within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Seal [Doc. 72] is **GRANTED**, and the medical records submitted in support of the Defendant's Motion for Compassionate Release [Doc. 71] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: December 14, 2020

Martin Reidinger
Chief United States District Judge