# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00015-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| STEVEN JAMES HALL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for leave to file a successive petition and for the appointment of counsel. [Doc. 88].

In November 2008, the Defendant Steven James Hall was convicted of a number of child pornography offenses and was sentenced to 210 months' imprisonment. [Doc. 18]. The Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. [Doc. 33]. The Defendant subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 35]. The Court denied and dismissed his motion to vacate in July 2013. [Doc. 37]. The Court of Appeals dismissed his appeal and denied a certificate of appealability. [Doc. 41]. The Defendant filed a second motion

to vacate [Doc. 48], which was dismissed as a successive petition in July 2016 [Doc. 50].

The Defendant now returns to this Court with a letter, in which he appears to seek leave to file another successive § 2255 motion as well as the appointment of counsel. [See Doc. 88 at 2 ("Court's [sic] have granted permission for another 2255. Would like a true defense attorney to do. Have several new case law's [sic] in support of.")].

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, the Defendant must first obtain an order from the Court of Appeals for the Fourth Circuit in order to pursue any successive petition under 28 U.S.C. § 2255 in this Court. The Defendant's request for leave to file a successive petition is therefore denied.

As for the Defendant's request for the appointment of counsel, prisoners have no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing

Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for leave to file a successive petition and for the appointment of counsel [Doc. 88], is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 25, 2022

Martin Reidinger
Chief United States District Judge